1  McGREGOR W. SCOTT
   United States Attorney
2  KIMBERLY A. SANCHEZ
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone:  (559) 497-4000
   Facsimile:   (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,              CASE NO.  1:19-CR-00170-DAD-BAM

12                           Plaintiff,     STIPULATION REGARDING EXCLUDABLE
                                            TIME PERIODS UNDER SPEEDY TRIAL ACT;
13                    v.                     AND ORDER

14  WILLIAM ADKINS,                         DATE: May 11, 2020
                                            TIME: 1:00 p.m.
15                           Defendants.    COURT: Hon. Barbara A. McAuliffe

16

17       This case is set for status conference on May 11, 2020, 2020.  On April 17, 2020, this Court

18  issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled

19  to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date

20  after June 1.  This and previous General Orders were entered to address public health concerns related to

21  COVID-19.

22       Although the General Orders address the district-wide health concern, the Supreme Court has

23  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

24  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

25  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

26  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

27  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

28  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

STIPULATION REGARDING EXCLUDABLE TIME                   1
PERIODS UNDER SPEEDY TRIAL ACT

1  or in writing").

2  Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

3  and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

4  continuances are excludable only if "the judge granted such continuance on the basis of his findings that

5  the ends of justice served by taking such action outweigh the best interest of the public and the

6  defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

7  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

8  ends of justice served by the granting of such continuance outweigh the best interests of the public and

9  the defendant in a speedy trial." *Id.*

10  The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

11  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

12  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

13  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

14  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

15  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

16  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

17  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

18  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

19  In light of the societal context created by the foregoing, this Court should consider the following

20  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

21  justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

22  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

23  pretrial continuance must be "specifically limited in time").

24  **STIPULATION**

25  Plaintiff United States of America, by and through its counsel of record, and defendant, by and

26  through defendant's counsel of record, hereby stipulate as follows:

27

28  [1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

1      1.      By previous order, this matter was set for status on May 11, 2020.

2      2.      By this stipulation, defendant now moves to continue the status conference until August

3   10, 2020, and to exclude time between May 11, 2020, and August 10, 2020, under Local Code T4.

4      3.      The parties agree and stipulate, and request that the Court find the following:

5           a)      The government has represented that the discovery associated with this case

6   includes investigative reports and photographs.  All of this discovery has been either produced

7   directly to counsel and/or made available for inspection and copying.  Additionally, the parties

8   have engaged in plea negotiations and the government has provided a plea agreement.

9           b)      Counsel for defendant desires additional time to review discovery, conduct

10   investigation, and finalize plea negotiations.

11           c)      Counsel for defendant believes that failure to grant the above-requested

12   continuance would deny him/her the reasonable time necessary for effective preparation, taking

13   into account the exercise of due diligence.

14           d)      The government does not object to the continuance.

15           e)      Based on the above-stated findings, the ends of justice served by continuing the

16   case as requested outweigh the interest of the public and the defendant in a trial within the

17   original date prescribed by the Speedy Trial Act.

18           f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

19   et seq., within which trial must commence, the time period of May 11, 2020 to August 10, 2020,

20   inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

21   because it results from a continuance granted by the Court at defendant's request on the basis of

22   the Court's finding that the ends of justice served by taking such action outweigh the best interest

23   of the public and the defendant in a speedy trial.

24   ///

25   ///

26   ///

27   ///

28   ///

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

4.       Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  May 7, 2020                                    McGREGOR W. SCOTT
                                                       United States Attorney


                                                       /s/ KIMBERLY A. SANCHEZ
                                                       KIMBERLY A. SANCHEZ
                                                       Assistant United States Attorney


Dated:  May 7, 2020                                    /s/ MICHAEL AED
                                                       MICHAEL AED
                                                       Counsel for Defendant
                                                       WILLIAM ADKINS


## ORDER

IT IS SO ORDERED that the Status Conference is continued from May 11, 2020 to **August 10, 2020 at 1:00 PM before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **May 8, 2020**                        /s/ Barbara A. McAuliffe
                                                UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4