McGREGOR W. SCOTT
United States Attorney
KIMBERLY A. SANCHEZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-000170-DAD-BAM |
| Plaintiff, | |
| v. | STIPULATION CONTINUING STATUS CONFERENCE AND REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER |
| WILLIAM ADKINS, | |
| Defendants. | COURT: Hon. Barbara A. McAuliffe |

This case is set for a status conference on December 9, 2020.  The parties stipulate and request a continuance to February 24, 2021.  Defense counsel needs additional time to confer with his client.due to obstacles in communication due to COVID-19 restrictions.  Additionally, on April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal matters.  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

*Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1    pretrial continuance must be "specifically limited in time").

2                                    **STIPULATION**

3           Plaintiff United States of America, by and through its counsel of record, and defendant, by and

4    through defendant's counsel of record, hereby stipulate as follows:

5           1.      By previous order, this matter was set for status conference on December 9, 2020.

6           2.      By this stipulation, defendant now moves to continue the status conference to Fevrury 24

7    2021 at 1:00 p.m., and to exclude time between December 9, 2020, and February 24, 2021, under Local

8    Code T4.

9           3.      The parties agree and stipulate, and request that the Court find the following:

10                  a)      The government has represented that the discovery associated with this case

11   includes investigative reports, video and photographs.  All of this discovery has been either

12   produced directly to counsel and/or made available for inspection and copying.  Additionally, the

13   parties have engaged in plea negotiations and the government has provided a plea agreement.

14                  b)      Counsel for defendant desires additional time to review discovery, conduct

15   investigation, and finalize plea negotiations.

16                  c)      Counsel for defendant believes that failure to grant the above-requested

17   continuance would deny him/her the reasonable time necessary for effective preparation, taking

18   into account the exercise of due diligence.

19                  d)      The government does not object to the continuance.

20                  e)      Based on the above-stated findings, the ends of justice served by continuing the

21   case as requested outweigh the interest of the public and the defendant in a trial within the

22   original date prescribed by the Speedy Trial Act.

23                  f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

24   et seq., within which trial must commence, the time period of December 9, 2020 to February 24,

25   2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

26   T4] because it results from a continuance granted by the Court at defendant's request on the basis

27   of the Court's finding that the ends of justice served by taking such action outweigh the best

28   interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  December 3, 2020                     McGREGOR W. SCOTT
                                            United States Attorney


                                            /s/ KIMBERLY A. SANCHEZ
                                            KIMBERLY A. SANCHEZ
                                            Assistant United States Attorney


Dated:  December 3, 2020                     /s/ MICHAEL AED
                                            MICHAEL AED
                                            Counsel for Defendant
                                            WILLIAM ADKINS


## ORDER

IT IS SO ORDERED that the status conference is continued from December 9, 2020, to **February 24, 2021, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).


IT IS SO ORDERED.

Dated:   **December 4, 2020**          /s/ Barbara A. McAuliffe
                                            UNITED STATES MAGISTRATE JUDGE